Harry W. WEXELL and Franz
B. Wroblewski, Plaintiffs–
Appellants,

v.

KOMAR INDUSTRIES, INC.,
Defendant–Appellee.

No. 93–1423.

United States Court of Appeals,
Federal Circuit.

March 2, 1994.

Carl G. Love, Cushman, Darby & Cushman, of Washington, D.C., argued for plaintiffs-appellants.

William C. Wilkinson, Thompson, Hine & Flory, of Columbus, Ohio, argued for defendant-appellee.

Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.

CLEVENGER, Circuit Judge.

Harry W. Wexell and Franz B. Wroblewski appeal the May 10, 1993 judgment of the United States District Court for the Southern District of Ohio denying their motion to alter or amend, or alternatively for relief from, the district court's January 14, 1993 judgment dismissing their complaint with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). The district court held that the plaintiffs failed to set forth any grounds warranting application of Federal Rule of Civil Procedure 59, or alternatively Federal Rule of Civil Procedure 60, to disturb the court's holding that the plaintiffs displayed flagrant bad faith with callous disregard for the court's discovery deadlines.

*Wexell v. Komar Indus., Inc.*, No. C2–91–776, 1993 WL 650863 (S.D. Ohio May 10, 1993) (order). We affirm.

I

This case involves a suit brought by Messrs. Wexell and Wroblewski (collectively Wexell), residents of Sweden, on September 16, 1991, alleging infringement by Komar Industries, Inc., of U.S. Patent No. 4,632,317, which issued to Wexell. The patent concerns a method and dual-auger device for disintegrating coarse material. Komar manufactures and distributes dual-auger equipment for shredding and grinding large objects such as tree stumps.

On November 1, 1991, Komar served its first request for production of documents and its first set of interrogatories, responses to which were due on December 4, 1991. As acknowledged by Wexell's counsel on December 1, 1991 and December 20, 1991, Komar granted Wexell's requests for additional time to respond to Komar's interrogatories, ultimately extending the deadline to February 1, 1992. On February 14, 1992, Wexell's counsel informed Komar that they would be at trial in federal court on another matter for two weeks beginning February 13, 1992, and that they would do their best "to ensure that all of [Komar's] outstanding discovery requests [would] be answered within the next week." Wexell, however, still did not respond to Komar's initial discovery requests, and thus on February 21, 1992, Komar filed a motion to dismiss for failure to prosecute, or alternatively for an order compelling discovery.

On April 27, 1992, the district court denied Komar's motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), or alternatively for an order compelling discovery, because Komar had "made no showing of prejudice to it from [Wexell's] arguably unreasonable delay in providing timely answers to discovery requests." *Wexell v. Komar Indus., Inc.*, No. C2–91–776, slip op. at 9–10 (S.D. Ohio Apr. 27, 1992) (order). While the district court recognized Wexell's burden of transatlantic discovery, the court nonetheless expressed its desire "that discovery in this action pro-

ceed as quickly as practicable," warning that "[t]he time provisions of the Federal Rules will not be expanded simply because plaintiffs are residents of another country." *Id.*, slip op. at 10.

Meanwhile, the district court had entered a preliminary pretrial order on December 18, 1991, establishing the first schedule of discovery deadlines to require that the parties conclude all discovery by August 15, 1992, and file any motions for summary judgment by August 31, 1992. On July 9, 1992, Wexell and Komar filed a joint motion extending the deadlines for concluding all discovery and filing any motions for summary judgment to October 31, 1992 and November 30, 1992, respectively. In addition, Wexell agreed to respond by July 15, 1992 to all of Komar's outstanding discovery requests. Wexell, however, failed to meet this deadline as well.

Komar concluded its depositions of Wexell in August 1992. On August 13, 1992, Wexell produced three videotapes, various deposition exhibits, and about 400 pages in documents requested by Komar. On October 14, 1992, Komar submitted to Wexell a list of specific requested documents including those originally sought in Komar's initial discovery request and those sought since Komar's depositions of Wexell. On November 6, 1992, the district court granted a joint motion filed by Wexell and Komar on October 30, 1992, further extending the deadline for the conclusion of all discovery to November 30, 1992. The district court also set the dates for the final pretrial conference and the trial at February 5, 1993 and March 29, 1993, respectively.

On December 10, 1992, Komar filed its second motion to dismiss and a motion to shorten the time for Wexell's response to Komar's motion to dismiss. On December 15, 1992, the district court entered a discovery conference order setting forth that Wexell's counsel would produce all requested documents promptly upon his return from a scheduled December 28, 1992 trip to Sweden, if not sooner. On December 16, 1992, the district court denied Komar's motion to shorten the time for Wexell's response. The district court nonetheless was "deeply concerned that [Wexell had] again failed to pro-duce discovery documents.... [and] deeply concerned with the number of time extensions which have been requested in this case." *Wexell v. Komar Indus., Inc.*, No. C2–91–776, slip op. at 1 (S.D. Ohio Dec. 16, 1992) (order). Moreover, the district court "hereby notifie[d] the parties that no more extensions [would] be granted in this case absent extreme good cause." *Id.*, slip op. at 1.

On December 21, 1992, Wexell produced additional videotapes and documents in response to Komar's October 14, 1992 request, but still remained in non-compliance with the district court's deadline. On January 6, 1993, the district court heard oral arguments on Komar's motion to dismiss. At that hearing, Wexell's counsel referred to the difficulty "of adjusting ourselves entirely to the United States legal system." Without denying their failure to meet the various court-mandated discovery requests, Wexell's counsel explained their shortcomings as "[p]ossibly oversight, incompetence, ignorance, you name it, Your Honor, but certainly not bad will." Unimpressed with that explanation, however, the district court noted the "generally cavalier attitude on the part of [Wexell] about compliance with the Court's orders," and stated that because of Wexell's conduct, "[Komar] has been stymied in the preparation of this case." Moreover, the district court stated at the hearing that:

> A party cannot disregard the Court's orders with impunity [sic], and the plaintiffs, I believe, are on notice, and have been on notice that they are at risk of incurring severe consequences for failure to comply, based on the previous hearing on the defendant's motion to dismiss, which predated this one. And they certainly must have been aware, as a result of that, that one of the consequences that could result from failure to comply would be dismissal with prejudice.
>
> So I don't think, if it happens, that that should be argued as a shock.

The district court entered judgment on January 14, 1993, dismissing the complaint

with prejudice pursuant to Rule 37(b)(2)(C),[1] and stating in its written decision that:

> The Court finds that [Wexell has] displayed flagrant bad faith with callous disregard for the Court's discovery deadlines. In the absence of any plausible explanation for this behavior, the Court must view [Wexell's] actions as willful. [Wexell has] ignored five separate deadlines and as of the hearing date of January 6, 1993, [was] still not in compliance. Accordingly, the complaint in this matter is hereby **DISMISSED** in its entirety with prejudice....

*Wexell v. Komar Indus., Inc.*, No. C2–91–776, slip op. at 4 (S.D. Ohio Jan. 12, 1993) (order). On January 29, 1993, Wexell filed a motion to alter or amend the judgment pursuant to Rule 59, or alternatively for relief from the judgment pursuant to Rule 60. Wexell contended that the district court had erred in three ways in granting the motion to dismiss: (1) by incorrectly concluding that Wexell had acted in bad faith, (2) by failing to warn Wexell that the court was contemplating dismissal, and (3) by not considering less drastic sanctions than dismissal.

Rejecting each of Wexell's arguments, the district court denied Wexell's motion on May 10, 1993. The district court emphasized that even if it were to disregard the concession by Wexell's counsel at the January 6, 1993 hearing to the effect that Wexell had acted inappropriately in disobeying its deadlines, the court nonetheless would have dismissed the complaint because Wexell demonstrated flagrant bad faith by making no attempt before the final deadline to respond to the district court's order compelling the conclusion of all discovery before November 30, 1992. With regard to a notice of sanctions, the district court reiterated that when it denied Komar's first motion to dismiss, the court clearly stated its expectations that the parties meet all

discovery deadlines, thus implicitly warning Wexell that sanctions would be considered. The district court further stated that its scheduling of a hearing on Komar's second motion to dismiss, in conjunction with Wexell's failure to meet their discovery burdens, should have indicated to Wexell that the court would consider the sanction of dismissal. Finally, the district court refuted Wexell's allegation that the court had failed to consider lesser sanctions, stating that:

> In fact, the Court considered all available sanctions and determined that, in light of the continuing nature of the violations in the face of admonitions from the Court that compliance was required, no other sanction would be effective. The Court found ample evidence to support its conclusion that the violations of its orders would continue, effectively preventing [Komar] from ever preparing its case.

*Wexell v. Komar Indus., Inc.*, No. C2–91–776, slip op. at 6 (S.D. Ohio May 10, 1993) (order).

## II

■ This court applies the law of the pertinent regional circuit when the precise issue to be addressed involves an interpretation of the Federal Rules of Civil Procedure. *Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 857 & n. 10, 20 USPQ2d 1252, 1258 & n. 10 (Fed.Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2957, 119 L.Ed.2d 579 (1992); *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1362, 13 USPQ2d 1967, 1970 (Fed. Cir.) (reviewing Rule 37(b) discovery sanctions under Sixth Circuit standard), *cert. denied,* 498 U.S. 851, 111 S.Ct. 142, 112 L.Ed.2d 109 (1990). In the Sixth Circuit, review of the district court's dismissal of a complaint pursuant to Rule 37(b)(2)(C) is for

---

1. Rule 37(b) provides in pertinent part that:
 (2) *Sanctions by Court in Which Action Is Pending.* If a party or an officer, director, or managing agent of a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 * * * * *
 (C) An order striking out pleadings or parts thereof, or staying further proceedings until

the order is obeyed, or *dismissing the action or proceeding or any part thereof,* or rendering a judgment by default against the disobedient party;
 * * * * *
 (emphasis added).

an abuse of discretion. *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir.1990). The Sixth Circuit defines an abuse of discretion "as a definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir. 1989).

 The Sixth Circuit has well-defined standards that guide its district court judges in the exercise of their discretion when considering motions to dismiss with prejudice for failure to comply with discovery orders. Those standards require that the moving party be prejudiced by the non-moving party's failure to cooperate in discovery orders, that the non-moving party be warned that failure to cooperate could lead to dismissal, and that the district court consider or impose less drastic sanctions before ordering dismissal. *Regional Refuse Sys., Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 154–55 (6th Cir.1988). In addition, when the non-moving party has the ability to comply with the court's discovery order, the district court may properly dismiss the complaint with prejudice when the failure to comply results from willfulness, bad faith, or fault of the non-moving party. *Id.* at 153–54. A district court in the Sixth Circuit acts within its discretion in dismissing a complaint with prejudice pursuant to Rule 37(b)(2)(C) when these standards are met.[2]

### III

 On appeal to this court, Wexell argues once again without the slightest change in tune that the district court abused its discretion in entering the order dismissing their complaint with prejudice. Wexell thus asserts the absence of willfulness or bad faith in their conduct, the lack of a warning of the sanction of dismissal, and the district court's failure to consider lesser sanctions as alternatives. In addition, Wexell contends that the amount of prejudice inflicted on Komar does not warrant the sanction of dismissal with prejudice.

Reference alone to the district court's response to each of these contentions decides the merits of this appeal. The record fully supports the district court's finding that Wexell willfully disobeyed the court's discovery deadlines. At no time has Wexell asserted the lack of ability to comply fully with its discovery obligations. The record also fully supports the district court's conclusion that Wexell was on notice that the sanction of dismissal could flow from a continued failure to comply with the court's discovery deadlines. In addition, Wexell has suggested no reason why we should disregard or otherwise discount the district court's assertion that it considered and rejected lesser sanctions than dismissal with prejudice. Finally, Wexell's attempt to dilute the finding that their conduct prejudiced Komar cannot overcome the district court's determination.

In short, we have no hesitation whatsoever in concluding that the Sixth Circuit, in fewer words than these, would approve the district court's action under these circumstances. The district court's denial of Wexell's motions to alter or amend, or alternatively for relief from, the court's order dismissing the complaint with prejudice is

*AFFIRMED.*

**2.** The Sixth Circuit noted in *Regional Refuse* that its standard for conduct by the non-moving party warranting dismissal of the complaint is perhaps more generous to the non-moving party than that in other circuit courts of appeals, which do not require a finding of willfulness or bad faith but rather permit dismissals on a showing that the non-moving party merely had the ability to comply with the discovery order but did not. 842 F.2d at 154–55; *see, e.g., Adkins v. United States,* 816 F.2d 1580, 1582 (Fed.Cir.1987) (reviewing a dismissal order entered by the U.S. Court of Federal Claims pursuant to Rule 37(b)(2)(C) and holding that the dismissal of a complaint for failure to comply with discovery orders is not an abuse of discretion when the dismissed party had the ability to comply but did not, and moreover, that the dismissed party has the burden of showing that its failure to comply was due to inability, and not to willfulness, bad faith, or any fault of the party).