**Becky Lynn MASSEY, Plaintiff–Appellant,**

v.

**DEL LABORATORIES, INC., Defendant–Appellee.**

No. 96–1312.

United States Court of Appeals, Federal Circuit.

July 9, 1997.

Tod R. Dubow, Robins, Kaplan, Miller & Ciresi, Costa Mesa, CA, argued for plaintiff–appellant.

Richard A. Wallen, Pretty, Schroeder & Poplawski, Los Angeles, CA, argued, for defendant-appellee. On the brief was David B. Kirschstein, Kirschstein, Ottinger, Israel & Schiffmiller, P.C., New York City.

Before NEWMAN, PLAGER and RADER, Circuit Judges.

RADER, Circuit Judge.

In the United States District Court for the Central District of California, Becky Lynn Massey sued Del Laboratories, Inc. (Del), the parent company of Sally Hansen, Inc., for infringement of her U.S. Patent No. 4,536,426 (the '426 patent), entitled "Self–Adhesive Nail Overlay or Wrap." After the parties

filed cross-motions for summary judgment, the district court ruled that the patent was invalid for obviousness under 35 U.S.C. § 103 (1994). Because the district court granted summary judgment to a non-movant without ensuring a full and fair opportunity to proffer material evidence, this court vacates and remands.

## I.

While the heart of this appeal is procedural in nature, general background information on the invention helps frame the issues. The '426 patent discloses an alleged improvement in the method of (and the attendant products related to) applying various wraps or overlays to fingernails or toenails to strengthen the nail. An overlay applies supportive material to the top of the nail. A wrap attaches supportive material to both the top and also beneath the nail on the portion which extends past the end of the finger or toe.

In the past, a primary coating of glue was first applied directly to the nail. This process required careful (and quick) placement of the overlay or wrap on the nail because adjustments or alignments became difficult as the glue dried. This invention coats one side of the overlay with pressure sensitive non-permanent bonding glue, thus eliminating the primary glue coating. With this invention, an individual can adjust the supportive material to a proper alignment before applying the bonding glue to the top of the nail overlay. The material is also permeable to allow the permanent bonding glue to secure the overlay. The invention not only reduces mistakes in the application of overlays, but also reduces the time necessary for a manicure or pedicure.

Claim 1 of the '426 patent, a process claim, states:

The process of strengthening and protecting human nails with a permeable nail overlay having one side coated with a pressure sensitive adhesive of non-permanent bonding material and secured to release backing paper—comprising the sequential steps of:

(a) shaping the nail overlay to a human nail to be strengthened;

(b) simultaneously cutting the nail overlay and release backing paper to the general outline of the human nail;

(c) separating the release backing paper from the nail overlay;

(d) adhering the nail overlay to the human nail with non-permanent bonding material; and,

(e) applying a coat of glue to the top of the nail overlay and permanently bonding the nail overlay to the human nail.

Claim 2, a product claim, states:

Material for providing strength and durability to a human nail, comprising:

(a) a strip of nail overlay having one side coated with pressure sensitive non-permanent bonding adhesive, the nail overlay being permeable so as to permit the passage there through of a bonding glue;

(b) a strip of release backing paper superimposed on and secured to the nail overlay and arranged to be separated from the nail overlay after sections of the superimposed strips have been cut to the general outline of a human nail;

(c) whereby the nail overlay material may be generally positioned and worked into alignment on the human nail before a permanent bonding glue is applied to the top of the nail overlay.

Del, the alleged infringer, produces "The Professional Silk–Wrap Kit." The Professional Silk–Wrap Kit includes fourteen pre-shaped, self-adhesive silk wraps and bonding glue. Before marketing the Professional Silk–Wrap Kit, Del sold other products. In 1973, ten years before the filing date of Massey's patent, Del manufactured the Kwik–Aid and Mend–A–Nail products. These products were not before the examiner during prosecution. Kwik–Aid, a nail repair product, consisted of overlays of surgical tape, a non-permanent self-adhesive permeable rayon fabric. Like the claimed product and process, the Kwik–Aid adhesive facilitates positioning of the overlay on the nail before more permanent bonding.

II.

In February 1995, Massey sued Del, alleging that Del's Professional Silk–Wrap product infringed the '426 patent. On April 10, 1995, Del filed an answer to the complaint alleging in defense, *inter alia*, that the '426 patent was invalid under 35 U.S.C. §§ 102(b) & 103. Moreover, Del counter-claimed for declaratory judgment of invalidity based on sections 102(b) and 103. Del subsequently amended its answer to include defenses based on 35 U.S.C. § 112.

On November 27, 1995, the parties filed cross-motions for summary judgment. Del's motion sought a determination that the '426 patent was invalid under section 102(b). Specifically, Del claimed that the patent was anticipated by Del's Kwik–Aid product. In support of its motion, Del offered various declarations detailing the prior public use and sale of Kwik–Aid. However, Del's motion neither requests nor mentions invalidity due to obviousness.

In response to Del's motion, Massey argued that the '426 patent was not anticipated by Kwik–Aid. Specifically, Massey's brief noted that Del's motion "is based on the single proposition that its ... 'Kwik–Aid' product constitutes invalidating prior art under 35 U.S.C. Section 102(b)." Massey argued that the prior art does not contain each and every limitation of the claims and, therefore, cannot anticipate the patent.

In reply, Del first mentioned that it also seeks summary judgment based on obviousness. Del noted that it "has introduced compelling, objective evidence that the suit patent is invalid both for anticipation under 35 U.S.C. § 102(b) and obviousness under 35 U.S.C. § 103." Del then incorporates by reference arguments made in its opposition to Massey's motion for summary judgment ("Del's argument regarding the obviousness of the suit patent claims was set forth in its memorandum in opposition to plaintiff's summary judgment motion....").

Filed concurrently with Del's motion, Massey's cross-motion for summary judgment sought a determination that Del's products infringe the '426 patent. In addition, Massey sought a determination of validity. In opposition, Del argued that the '426 patent is invalid for both anticipation and obviousness. Massey then replied to Del's arguments as to obviousness. However, Massey specifically noted "that [Del's motion] does not raise [obviousness], and that it is only raised in opposition to [Massey's motion]."

On December 18, 1995, the district court held a hearing on the parties' cross-motions for summary judgment. The district court issued a tentative ruling denying Del's motion on the basis of anticipation. As to that motion, the district court found numerous disputes as to material facts; namely, the district court held that genuine issues of fact existed as to (a) whether rayon is a fabric, (b) whether Kwik–Aid bonding glue is a glue, and (c) whether one of ordinary skill in this art would ascribe particular meaning to the term "permanent" in the claims. However, the district court granted summary judgment in favor of Del based on a ruling that the '426 patent was obvious in light of Kwik–Aid and the prior art of using "Crazy Glue and 5 Second Nail Glue over silk overlays." At the conclusion of the hearing, the district court adopted its tentative ruling as the order of the court.

Massey, however, did not sit idly as the trial court entered summary judgment for Del on a ground for which Del did not move. At the hearing on the motions for summary judgment, Massey moved to strike Del's reply papers that argued obviousness. The district court stated in its later filed conclusions of law:

> With regard to [Massey's] Motion to Strike [Del's] Reply Papers, considering (a) that [Massey's] Motion for Partial Summary Judgment of Validity and Infringement placed in issue all grounds on which the suit patent could be held invalid, (b) that [Del] raised the issue of invalidity for obviousness in its Answer and Counterclaim, (c) that [Del] raised the issue of obviousness in its answering papers submitted in opposition to [Massey's] Motion for Summary Judgment, and (d) that each party relied in support of its Summary Judgment Motion on its answering papers to the opposing party's Motion and in view of the fact that [Massey] did not bring on its

Motion to Strike in compliance with local Rule 7 and did not seek an adjournment of the hearing on the Motions for Summary Judgment in order to do so or in order to respond to [Del's] Reply Papers, [Massey's] said Motion to Strike should be denied on the merits and for failure to comply with Local Rule 7.

### III.

■ On appeal, Massey argues that it was improper for the district court to grant Del's motion for summary judgment based on obviousness because obviousness was not properly raised in Del's initial motion. In essence, the district court granted summary judgment to the non-movant in Massey's motion for summary judgment of validity. Thus, this court must first examine the propriety of granting such a motion in favor of the non-movant.

■ As an initial matter, this court notes that there is nothing inherently improper about the district court entering summary judgment for a non-movant. In many cases, where the factual record has been well developed before the summary judgment stage, the grant of summary judgment to the non-movant may well be the most efficient manner to decide a case. Where, as in the instant case, the parties have engaged in extensive cross-motions for summary judgment, such a *sua sponte* grant may be appropriate. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, § 2720 (1983); *see generally Glaverbel Societe Anonyme v. Northlake Mktg.*, 45 F.3d 1550, 1562, 33 USPQ2d 1496, 1505 (Fed.Cir.1995) (following Seventh Circuit law and stating that a district court cannot grant summary judgment on a ground to which the non-movant was given an inadequate opportunity to respond).

■ Because this case presents a procedural question not unique to patent law, this court follows the law of the regional circuit from which the case is appealed. *See Wexell v. Komar Indus., Inc.*, 18 F.3d 916, 919, 29 USPQ2d 2017, 2019 (Fed.Cir.1994); *Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538,

1550, 3 USPQ2d 1412, 1421 (Fed.Cir.1987). The Ninth Circuit has held:

> As a general rule, a district court may not *sua sponte* grant summary judgment on a claim without giving the losing party ten days' notice and an opportunity to present new evidence as required by Federal Rule of Civil Procedure 56(c). There is an exception to this rule, however: A district court may grant summary judgment without notice if the losing party has had a " 'full and fair opportunity to ventilate the issues involved in the motion.' " *Waterbury v. T.G. & Y. Stores Co.*, 820 F.2d 1479, 1480 (9th Cir.1987) (quoting *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir.1982)).

*United States v. Grayson*, 879 F.2d 620, 625 (9th Cir.1989); *see also In re Harris Pine Mills*, 44 F.3d 1431, 1439–40 (9th Cir.1995) (allowing summary judgment for the non-movant); *Sohappy v. Hodel*, 911 F.2d 1312, 1320 (9th Cir.1990) (declining to enter summary judgment in favor of the non-movant where the non-movant has not had sufficient opportunity to develop the record). In addition, because this case involves judgment without trial, the determination of whether Massey had a "full and fair opportunity to ventilate the issues" is carefully reviewed, drawing inferences in favor of the party against which judgment was entered.

In *Waterbury*, for example, the landlord plaintiffs had filed a motion for summary judgment seeking declaratory relief for the interpretation of a lease, damages, and ejectment. 820 F.2d at 1480. In that motion, the plaintiffs asserted that the judgment turned on interpretation of the lease because the parties did not dispute any material fact. *Id.* However, the district court in *Waterbury* withheld entry of summary judgment against the plaintiffs to offer them an additional opportunity for notice and a hearing. *Id.* (noting that the district court had stated that "case law cautions us to make sure that there is notice to the other side when this reciprocal-type of summary judgment is entered"). In this case, the district court did not give Massey a similar direct notice of the grounds for summary judgment.

The parties' agreement that no material facts remain in dispute, although not dispositive, is one factor in determining whether a grant of summary judgment to a non-movant is appropriate. However, separate motions for summary judgment from each party are not an admission that no material facts remain at issue. *United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir.1978). As in this case, the separate summary judgment motions of each party may focus on different legal principles and posit as undisputed different sets of facts. In the instant case, the parties do not agree to a common set of undisputed material facts. Thus, the separate summary judgment motions in this case do no conclusively show that Massey received a full and fair opportunity to ventilate the issues on which the district court granted judgment.

In a further effort to decide whether Massey received its full and fair opportunity to show factual or legal issue precluding a summary judgment of obviousness, this court also examines the associated burdens in the pending motions. Each party carries the burden on its own motion to show entitlement to judgment as a matter of law after demonstrating the absence of any genuine disputes over material facts. In addition, the patent itself carries a presumption of validity, which requires proof of facts supporting invalidity to rise to the level of clear and convincing evidence. 35 U.S.C. § 282 (1994). Therefore, to prevail on her motion for summary judgment of validity, Massey need not have presented any factual evidence. *Compare Waterbury*, 820 F.2d 1479 (lease, upon which judgment turned, carried no presumption in favor of the movant or non-movant).

As to Del's motion for summary judgment, Del chose only to argue invalidity under section 102(b). In fact, Del conceded in its opposition to Massey's motion that it had only sought "summary judgment that the suit patent is invalid for anticipation by the prior art under 35 U.S.C. § 102(b)." To defeat this motion, Massey only had to bring forth some evidence that no single piece of prior art contained each and every limitation of the patented invention. She did not present, and need not have presented, further evidence that one of ordinary skill would not have considered the patented invention obvious in light of a combination of prior art references. With careful attention to the burdens imposed by the cross motions, this court cannot hold that Massey should have presented evidence in her motion in order to defeat Del's defense of obviousness.

It is true, as Del argues, that Massey was in no way surprised by Del's raising of the ground of obviousness. Del raised obviousness in numerous answers to Massey's complaint and in response to Massey's motion for summary judgment of validity. Nevertheless, the determination of whether the district court offered Massey a full and fair opportunity does not turn on Massey's surprise that the issue was raised, but more so on Massey's surprise that the district court would consider granting summary judgment on the ground of obviousness.

## IV.

Finally, this court need not speculate on the type or persuasiveness of evidence Massey may present in order to defeat the court's *sua sponte* motion for summary judgment. Because the district court granted summary judgment to a non-movant on a ground for which a full and fair opportunity to proffer material evidence was not offered, this court must vacate and remand.

## COSTS

Each party shall bear its own costs.

*VACATED and REMANDED.*