**WESTERN MANAGEMENT, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 97–340T.**

United States Court of Federal Claims.

Jan. 19, 2011.

Robert E. Kovacevich, Spokane, WA, for plaintiff.

Carl David Wasserman, U.S. Department of Justice, Washington, D.C., with whom were Acting Assistant Attorney General John A. DiCicco and Chief, Court of Federal Claims Section, Steven I. Frahm.

## OPINION

FIRESTONE, Judge.

After more than ten years of litigation in which a narrow set of issues have been scrutinized before this court, the United States Tax Court, and the United States Court of Appeals for the Ninth Circuit, this tax refund action has neared its close.[1] Now before the court are the parties' cross-motions for summary judgment on the issue of the calculation of tax and penalty amounts the plaintiff, Western Management, Inc. ("WMI") owes for the periods in suit. For the reasons that follow, the court **GRANTS** the government's motion for summary judgment and **DENIES** the plaintiff's motion for summary judgment.

## I. BACKGROUND

After reviewing the parties' exhibits, declarations,[2] proposed findings of facts, and all objections thereto, the court provides the following summary of the material facts and history of litigation leading up to the court's decision today. The facts are not in dispute unless noted.

### A. History of Present Litigation

On or about February 23, 1993, WMI filed a form 1120 U.S. Corporation Income Tax return, covering a fiscal year from April 1, 1991 through March 31, 1992, listing $135,000 in "Compensation of Officers." Def.'s Ex. 14, B130. On or about December 20, 1993, WMI filed a Form 1120 U.S. Corporation Income Tax Return, covering a fiscal year from April 1, 1992 through March 31, 1993, listing $144,000 as "Contract Labor—Officer."

---

1. In an opinion issued on January 21, 2000, the court determined that the plaintiff corporation, Western Management, Inc. ("WMI"), was liable to the United States for failing to withhold employment taxes on Robert E. Kovacevich, a "statutory employee" of the plaintiff corporation. *WMI v. United States*, 45 Fed.Cl. 543, 553 (2000). The court rejected the plaintiff corporation's claim that Mr. Kovacevich, who controlled the corporation, was an independent contractor. The plaintiff corporation is in fact a law firm owned and operated by Mr. Kovacevich, a practicing tax attorney. As discussed *infra* Part I.B., this case was stayed for a period of years while Mr. Kovacevich litigated his personal tax liability for the same years and others before the Tax Court and the Ninth Circuit. Those courts have agreed that Mr. Kovacevich was a statutory employee of WMI. *See, e.g. Kovacevich v. Commissioner*, T.C.M.2003–161, 2003 WL 21276467 (T.C. June 3, 2003), *aff'd*, 177 Fed.Appx. 561 (9th Cir.2006); *WMI v. Commissioner*, T.C.M.2003–162, 2003 WL 21276359 (T.C. June 3, 2003), *aff'd*, 176 Fed.Appx. 778 (9th Cir.2006).

2. The plaintiff filed a "Motion to Strike All or Portions of Declaration of Carl D. Wasserman" on September 10, 2010 for failure to comply with Rule 56(e)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). The defendant argues that the Wasserman Declaration merely indicates that the documents attached to the defendant's motion for summary judgment are true and correct copies of the originals and have not been altered with the exception of the required redaction of protected taxpayer information such as identification numbers. Def.'s Mot. Summ. J. 2 n.1. The court agrees with the defendant. These documents are evidence, whether or not accompanied by a declaration. Accordingly, the plaintiff's motion to strike is **DENIED–AS–MOOT.**

Def.'s Ex. 15, B153. On or about December 14, 1994, WMI filed a Form 1120 U.S. Corporation Income Tax Return, covering a fiscal year from April 1, 1993 through March 31, 1994, listing $132,000 as "Contract Labor—Officer." Def.'s Ex. 16, B164.

In 1992 and 1993, the Internal Revenue Service ("IRS") reclassified Robert E. Kovacevich as an employee of WMI. WMI kept cancelled checks and bank statements regarding payment to, or on behalf of, Mr. Kovacevich.[3] Mr. Kovacevich and his wife Yvonne filed IRS Form 1040 tax returns for 1992, 1993, and 1994 and paid all taxes reported on those returns.[4] Mr. Kovacevich paid $5,570 in self-employment taxes for 1992 and $7,142 in self-employment taxes and $2,069 in Medicare taxes for 1993.

On December 23, 1996, the IRS assessed the plaintiff, WMI, $80,137.71 for unpaid employment taxes with respect to its employee, Mr. Kovacevich, pursuant to Internal Revenue Code ("I.R.C.") §§ 3101, 3111, and 3402, and with penalties pursuant to I.R.C. § 6656 (failure to deposit) and § 6662 (accuracy penalty), for the fourth quarter of 1991, all four quarters of 1992, and the first, second, and third quarters of 1993. *See* Def.'s Ex. 3.[5]

On September 30, 1995, WMI paid $22,583.20 in employment taxes for the reclassified employee for the quarter ending March 31, 1992. WMI filed a claim for refund of the taxes paid on January 8, 1997, alleging that Mr. Kovacevich was an independent contractor and not an employee. Def.'s Ex 4. The claim further alleged that Mr. Kovacevich had "individually reported the income and paid the self employment social security taxes" and therefore WMI would be entitled to a credit for those amounts under I.R.C. § 3402(d). *Id.* The IRS issued a notice of determination rejecting WMI's claim on March 3, 1997. Def.'s Ex. 5.

WMI filed its complaint in this court on May 15, 1997, seeking a refund in the amount of $18,622.16[6] for the recovery of Federal Insurance Contributions Act ("FICA") taxes, penalties, and interest for the calendar quarter ending March 31, 1992. On January 29, 1999, the United States filed an amended counterclaim against WMI for the unpaid portion of the December 1996 assessments.[7]

The parties filed cross-motions for partial summary judgment on liability, which were argued on December 16, 1999. As noted, *supra* note 1, on January 21, 2000, the court found that for tax years 1991,[8] 1992, and

---

3. As discussed below, the United States Tax Court has found that Mr. Kovacevich failed to keep sufficient records regarding payments received from WMI. *See Kovacevich*, T.C.M.2003–161, 2003 WL 21276467, at *3.

4. As discussed below, the United States Tax Court found that the Kovaceviches underreported their income for 1992 and 1994. *See Kovacevich*, T.C.M.2003–161, 2003 WL 21276467, at *3.

5. WMI now argues that no tax assessment was ever made against WMI and that no notice of deficiency was sent to it by registered mail. Pl.'s Reply 6–7. The government argues that it provided all relevant Form 4340 Certificates of Assessments, Payments and other Unspecified matters as Def.'s Ex. 3, filed with its opening brief. The certificates list each assessment, date of assessment, and amount. The government further argues that WMI's contention that the assessments are invalid because WMI did not receive a notice of deficiency is baseless because WMI agreed to the deficiencies, thereby obviating the need for a deficiency notice. Def.'s Ex. 3, B34, B40, B45, B50, B55, B60, B65, B70, B75 ("Agreed audit deficiency prior to 30 or 60 day letter").

   The court agrees with the government. It is well-established law that a Certificate of Assess-

ments and Payments "constitutes proof that a tax assessment has been made." *Intersport Fashions West, Inc. v. United States*, 84 Fed.Cl. 454, 458 (2008); *see also WMI*, 45 Fed.Cl. at 549 (stating it is "well established that a tax assessment is presumptively correct and that the taxpayer bears the burden of persuasion that the Commissioner's assessment is erroneous"). WMI has offered no evidence to rebut the presumption that the assessments were made as recorded on the certificates provided by the government.

6. WMI received an IRS refund of $3,961.04, decreasing its payment of $22,583.20, to $18,622.16. Compl. ¶ 11.

7. The United States currently seeks $94,446.99 in unpaid taxes, assessed interest, and penalties against WMI. Def.'s Mot. 23; Def.'s Ex. 3, 21. This figure is proposed by the United States to reflect the amount of the original counterclaim, plus self-assessments and assessed interest and penalties, with payments and credits applied.

8. WMI's fiscal year ends March 31. As a result, the earliest quarter at issue in this litigation, the quarter ending March 31, 1992, is the fourth quarter of WMI's 1991 fiscal year.

1993, the years at issue, Mr. Kovacevich was a statutory employee of the plaintiff under 26 U.S.C. § 3121(d)(1) (1994 & Supp.1997) and granted the government's motion for partial summary judgment on the issue of WMI's liability for income tax withholding, FICA, and Federal Unemployment Tax Act ("FUTA") taxes with respect to Mr. Kovacevich for the same tax years. *WMI*, 45 Fed. Cl. at 553.[9] In the same decision, the court also found that WMI was not entitled to relief from its liability under the safe harbor provision of section 530 of the Revenue Act of 1978, Pub.L. No. 95–600, 92 Stat. 2763, 2885, codified at 26 U.S.C. § 3401 (1979), because it failed to file the requisite tax forms. *Id.* at 554.

The court also stated that the tax and penalty amounts owed by the plaintiff corporation for the years in question would be determined in the next stage of litigation. *Id.* at 553. The court further recognized that Mr. Kovacevich paid self-employment taxes on certain amounts that he received from WMI and stated that the court would address how those payments should be accounted for in the next phase of this case. *Id.* at 553 n. 10.

Following the court's ruling on liability, the court issued an order on February 4, 2000, ordering WMI to inform the government of the basis for any factual dispute it had with regard to the amount of tax owed by WMI for the tax years in question, as identified in the government's pretrial Exhibit 39 (detailing the government's proposed calculation of taxes and penalties owed by WMI for the quarters and year in dispute). *See* Def.'s Ex 8. WMI was ordered to "identify with specificity any factual dispute regarding the government's calculation of plaintiff's tax liability (without regard to penalties) and the exhibits and witnesses that support plaintiff's factual contentions."

WMI responded to the court's order in a letter to the government's then-counsel dated February 14, 2000. Def.'s Ex. 10. In the letter, WMI expressed disagreement with the government's method of determining tax owed, which the government did by dividing the amounts WMI reported annually as Mr. Kovacevich's compensation into proportionate amounts for each quarter, rather than by using WMI's actual check records. WMI also argued that the amounts Mr. Kovacevich paid as self-employment taxes in 1992 and 1993 ($5,570 and $9,211, respectively) should be credited to WMI pursuant to I.R.C. § 3402(d). WMI also contended that payments made to Mr. Kovacevich included items that were not compensation, such as rent. Finally, WMI argued that Mr. Kovacevich's income was never deposited into an account owned by WMI and therefore could not be paid by WMI to Mr. Kovacevich. At that time, the plaintiff did not identify exhibits or witnesses to support its factual contentions.

On November 22, 2000, the court suspended proceedings in this case pending the outcome of related litigation before the United States Tax Court regarding Mr. Kovacevich's individual income tax returns.

### B. Related Litigation Before the United States Tax Court

Mr. Kovacevich's related tax litigation has taken many years to conclude. The United States Tax Court has determined that Mr. Kovacevich was a statutory employee of WMI and determined that the money Mr. Kovacevich received from WMI and that WMI reported as compensation deducted from its tax returns was "wages." *See Kovacevich*, T.C.M.2003–161, 2003 WL 21276467.[10] The Tax Court also found that

---

**9.** The facts stipulated at the time of partial summary judgment on the issue of liability were listed in the court's January 21, 2000 opinion. *WMI*, 45 Fed.Cl. at 544–49.

**10.** In the Tax Court, Mr. Kovacevich litigated the issue of whether the money he personally received from WMI in 1992 and 1994, but did not report as income, should be considered "wages." *Kovacevich*, T.C.M.2003–161, 2003 WL 21276467. The Tax Court ruled that for the tax

years 1992 and 1994, Mr. Kovacevich was a statutory employee of WMI, that the money he received from WMI was "income" and that he "failed to report" certain amounts. *Id.* at *3–4. The Kovaceviches income tax liability for 1993 was also at issue in the Tax Court, but the parties settled the issues for that year. The tax effects of that settlement were included in the Tax Court's Order and Decision, entered January 15, 2004.

the Kovaceviches failed to keep sufficient records of their income and therefore upheld the government's use of WMI's tax returns and method of dividing WMI's reported compensation to Mr. Kovacevich into proportionate amounts for each quarter as an appropriate indirect method of determining Mr. Kovacevich's wages. *Id.* at *3. The Tax Court also found that the Kovaceviches failed to establish that the checks written for their benefit (e.g., checks written to their creditors) should be included in their gross income and failed to adequately rebut the government's determination of unreported income. *Id.*

In another related case, WMI raised many of the same issues before the Tax Court for other tax quarters in 1994 and 1995. The Tax Court again found Mr. Kovacevich to be a statutory employee of WMI for those years, found WMI liable for FICA and FUTA employment taxes, and found WMI's contention that its payments to Mr. Kovacevich were not wages to be meritless. *See WMI*, T.C.M.2003–162, 2003 WL 21276359, at *4–5; *see also WMI*, 176 Fed.Appx. at 781 (upholding the incorporation of the Tax Court trial record from Mr. Kovacevich's personal income tax litigation for 1992 and 1994 in the litigation involving WMI for later years).

## II. CROSS–MOTIONS FOR SUMMARY JUDGMENT

Based on the rulings in the Tax Court and the Ninth Circuit, the government now seeks summary judgment on the amounts WMI owes for failing to withhold employment taxes for Mr. Kovacevich for the years in question. WMI also seeks summary judgment, claiming the court's January 21, 2000 decision was incorrect and that WMI fully complied with its tax obligations for the years in question. Briefing was completed in October 2010. The court has determined that oral argument is not necessary.

### A. Standard of Review

■ Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." RCFC 56(c)(1); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Casitas Mun. Water Dist. v. United States*, 543 F.3d 1276, 1283 (Fed.Cir.2008); *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1323 (Fed.Cir.2001) (citation omitted). In considering a motion for summary judgment, the court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249, 106 S.Ct. 2505. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Lathan Co., Inc. v. United States*, 20 Cl.Ct. 122, 125 (1990); *Casitas Mun. Water Dist.*, 543 F.3d at 1283. Cross-motions for summary judgment do not constitute admissions that no genuine issues of material fact remain. *See Massey v. Del Labs., Inc.*, 118 F.3d 1568, 1573 (Fed.Cir. 1997). "Each party carries the burden on its own motion to show entitlement to judgment as a matter of law after demonstrating the absence of any genuine disputes over material facts." *Id.*

■ Where as here, the plaintiff corporation is challenging a tax assessment, the burden is on the taxpayer to prove that the taxes assessed were erroneous. *See WMI*, 45 Fed.Cl. at 549; *Consolidated Flooring v. United States*, 38 Fed.Cl. 450, 454 (1997) (citing *United States v. Janis*, 428 U.S. 433, 440, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976)). "[I]n a refund suit, a taxpayer has the burden of proving by a preponderance of the evidence that the assessment or determination is incorrect and the correct amount, if any, of tax." *Cook v. United States*, 46 Fed. Cl. 110, 116 (2000) (citing *Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623 (1935) ("[u]nquestionably the burden of proof is on the taxpayer")).

*Kovacevich v. Commissioner*, No. 12815–99, slip op. at 2 (T.C. Jan. 15, 2004); *see* Def.'s Ex. 13.

## B. Discussion

### 1. WMI is liable for FICA, FUTA, income tax withholding, penalties, and assessed interest for its employee, Robert Kovacevich, for all periods in suit.

After considering all relevant and undisputed facts presented to the court, the court found that for the years in question, tax years 1991, 1992, and 1993, Robert E. Kovacevich was a statutory employee of WMI under I.R.C. § 3121(d)(1) and granted the government's cross-motion for partial summary judgment, holding WMI liable for income tax withholding, FICA, and FUTA taxes with respect to Mr. Kovacevich for the same tax years. *WMI*, 45 Fed.Cl. at 553. In its motion for summary judgment, WMI again claims that it has at all times correctly classified its employees, correctly computed and withheld all withholding, and timely filed and paid the withholding, including its share of social security taxes. Pl.'s Br. Supp. Pl.'s Mot. Summ. J. 2. WMI also again claims that Mr. Kovacevich was an independent contractor, not a statutory employee, again arguing that a distinction should be made between Mr. Kovacevich's wages earned as an officer and those earned as an "independent contractor" to his law firm. Pl.'s Br. Supp. Pl.'s Mot. Summ. J. 6–7, 9–11.

█ The court declines to reconsider, after more than a decade, the same arguments on the issue of WMI's liability or to overturn its conclusions that "Mr. Kovacevich is clearly a statutory employee" and that his business and WMI's business "were one in the same for the tax years in question." *WMI*, 45 Fed.Cl. at 551, 552.[11] The court notes that both the United States Tax Court and the United States Court of Appeals for the Ninth Circuit, have also held that Mr. Kovacevich was a statutory employee of WMI. *See, e.g. WMI*, T.C.M.2003–162, 2003 WL 21276359.

As the court wrote in its 2000 opinion on cross-motions for partial summary judgment, the issues remaining in this phase of the litigation include determining the tax and penalty amounts owed by WMI for the tax years in question as well as how Mr. Kovacevich's payment of self-employment taxes on certain amounts that he received from WMI should be accounted for. *WMI*, 45 Fed.Cl. at 553 n. 10, 555. As the court has previously ruled, Mr. Kovacevich's payments do not excuse WMI's liability for not paying employment taxes for Mr. Kovacevich. *Id.*

WMI contends that Mr. Kovacevich paid all the taxes with his filed tax returns for the years in question and therefore, under I.R.C. § 3402(d) and I.R.C. § 3406(h)(10),[12] WMI should be given "complete credit" for those amounts. Pl.'s Mot. 3–4. WMI argues that if it is given credit, then the full amount of the government's counterclaim would be defeated. *Id.*

The government argues that even if WMI is entitled credit for self employment taxes paid by Mr. Kovacevich pursuant to I.R.C. § 3402(d), the employer remains liable for

---

**11.** WMI contends that since the court issued its opinion in this case in 2000, the law has changed by virtue of rulings in *Kirleis v. Dickie McCamey and Chilcote P.C.*, No. 09–4498, 2010 WL 2780927 (3d Cir. July 15, 2010) and *Clackamas Gastroenterology Associates P.C. v. Wells*, 538 U.S. 440, 123 S.Ct. 1673, 155 L.Ed.2d 615 (2003). Pl.'s Reply 14–16. In *Kirleis*, the Third Circuit considered whether, for the purposes of title VII of the Civil Rights Act of 1964, a shareholder-director of a professional corporation was an employer or an employee entitled to invoke the anti-discrimination laws, based on a six-part common-law test. *Kirleis*, 2010 WL 2780927, at *1. In *Wells*, the Supreme Court faced the issue whether physicians who were shareholders in a medical clinic were "employees" for the purposes of determining whether the clinic was covered by the Americans with Disabilities Act ("ADA"), finding that the six-part common-law standard employed by the Equal Employment

Opportunity Commission should be used to define "employee" for the purposes of the ADA. *Wells*, 538 U.S. at 444–451, 123 S.Ct. 1673. The court finds that these cases, on which WMI relies, are inapplicable to the court's prior finding that for purposes of 26 U.S.C. § 3121(d)(1), Mr. Kovacevich was an employee of WMI for the time periods in question.

**12.** I.R.C. § 3406(h)(10) requires that payments withheld under § 3406, the backup withholding provision (such as where an employee does not furnish his taxpayer identification number), be treated as wages paid by an employer to an employee. WMI contends that this provision requires the government to credit WMI with social security amounts allegedly paid by Mr. Kovacevich. The government argues that there is nothing in I.R.C. § 3406(h)(10) relevant to that assertion. The court agrees with the government.

any resultant penalties from its own failure to withhold. The government cites the entire text of I.R.C. § 3402(d), as follows:

> Tax paid by recipient.—If the employer, in violation of the provisions of this chapter, fails to deduct and withhold the tax under this chapter, and thereafter the tax against which such tax may be credited is paid, the tax so required to be deducted and withheld shall not be collected from the employer; *but this subsection shall in no case relieve the employer from liability for any penalties or additions to the tax otherwise applicable in respect of such failure to deduct and withhold.*

I.R.C. § 3402(d) (emphasis added). The government further argues that while Mr. Kovacevich paid self-employment taxes on the personal income that he reported for the years in question, the Tax Court has found that he underreported his wages for 1992 (the tax period ending March 31, 1992

through the tax period ending December 31, 1992), *Kovacevich*, T.C.M.2003–161, 2003 WL 21276467, at *3, and therefore even a complete credit of the taxes paid on reported income by Mr. Kovacevich would not completely discharge WMI's obligation to pay employment taxes.

The court agrees with the government. Further, both WMI and the government have agreed that Mr. Kovacevich paid $5,570 in self employment taxes for 1992, $7,142 in self employment taxes for 1993, and paid $2,069 in Medicare taxes for 1993. *See WMI*, 45 Fed.Cl. at 548; Def.'s Mot. 13 n.14. As discussed below, the government's transcripts of WMI's accounts reflect complete credit for these amounts. Accordingly, the only issue remaining for resolution is determining the remaining tax and penalty amounts owed by WMI for the tax years in question.[13]

---

**13.** In its recent filings, WMI has raised a number of new issues, and the court addresses each, as follows:

WMI challenges the timeliness of the counterclaim as barred by the statute of limitations, arguing that the latest a deficiency in employment taxes could be asserted would be either April 15, 1997 or April 15, 1998, Pl.'s Mot. Summ. J. 4–5, and that because the counterclaims were not filed within three years of the dates WMI's returns were filed, the counterclaims are untimely. Pl.'s Reply 8, 10–12. The government argues that WMI has confused the period of time allowed for making assessments with the time period in which a counterclaim may be filed. The government explains that while 26 U.S.C. § 6501(a) does require that assessments be made within three years of the filing of a tax return "except as otherwise provided," 26 U.S.C. § 6501(c)(4) entitled "extension by agreement" states that the parties may agree to extend the period for making assessments, and "the tax may be assessed at any time prior to the expiration of the period agreed upon." Collection of an assessed liability by suit or by counterclaim, however, is governed by a ten-year statute of limitations from the time of assessment. 26 U.S.C. § 6502(a)(1). The government refers to the IRS Certificates of Assessments and Payments, which demonstrate that the parties extended the statutory period for assessments for all quarters to December 31, 1997 and that the assessments were all made on December 23, 1996. The government's amended counterclaim in this suit was then filed on January 26, 1999, well within the ten-year statute of limitations for collection. WMI provides no credible evidence to rebut the IRS records, merely repeating statements by itself and its counsel, Mr. Kovacevich,

that "no extensions were granted." Accordingly, the court finds that the assessments were made within the time agreed to by the parties in accordance with 26 U.S.C. § 6501(c)(4) and that the counterclaim was filed within ten years of that date. Therefore the government's counterclaim is not barred by the statute of limitations.

WMI also argues that FICA should have been credited to Mr. Kovacevich's social security account. Pl.'s Mot. Summ. J. 5–6. As the court explained in a hearing held in this case on April 10, 2003, this court does not have jurisdiction to order the Social Security Administration to credit Mr. Kovacevich for wages earned as an employee of WMI. Hr'g Tr., 28–30, April 10, 2003.

WMI also argues that the penalties that have been determined by the IRS are excessive in violation of the Eighth Amendment. Pl.'s Mot. Summ. J. 7–8. Because it is not a money-mandating provision of the Constitution, this court also does not possess jurisdiction over claims of violations of the Eighth Amendment. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed.Cir. 2007).

WMI also argues that the court does not have jurisdiction to hear this case, because WMI and its employee Mr. Kovacevich are entitled to resolve credits between themselves with an interest-free adjustment pursuant to 26 U.S.C. § 6205 because of the "misclassification" of Mr. Kovacevich as an independent contractor. The government argues that WMI's situation bears no resemblance to that described by 26 U.S.C. § 6205 and the treasury regulations. The court agrees with the government. 26 U.S.C. § 6205(a)(1) states:

> If less than the correct amount of tax imposed by sections 3101, 3111, 3201, 3221, or 3402 is

**2. The IRS has properly determined the remaining tax and penalty amounts owed by WMI.**

**a. WMI's reported payments to Mr. Kovacevich were properly taxed as wages by the IRS.**

As required by the relevant statutes, the amount of liability in tax and penalties owed by WMI for failure to withhold Mr. Kovacevich's employment taxes is determined by reference to the wages Mr. Kovacevich received from WMI. *See* I.R.C. § 3101(a) (imposing a tax for Old–Age, Survivors, and Disability Insurance ("OASDI") "equal to the following percentages of the wages"), § 3101(b) (imposing tax for Hospital Insurance ("HI") based on a percentage of the "wages"), § 3111(a) (employer's FICA liability assessed as percentage of "wages"), § 3111(b) (employer's HI assessed as a percentage of "wages"), § 3402(a) (requiring tax to be withheld according to procedures related to "wages").

In this case, the IRS has determined that all of the money paid by WMI to Mr. Kovacevich should be taxed as wages. WMI argues that most of the money it paid to Mr. Kovacevich should not be counted as wages, but instead as "payment of legitimate expenses in conducting legal work [should] be subtracted from Independent Contractor pay." Kovacevich Decl., at 2–3 ¶ 5, March 7, 2010. WMI also argues that cash payments to Mr. Kovacevich should not be counted as wages for purposes of withholding for Social Security, Medicare, and income tax. Pl.'s Mot. Summ. J. 6–7; Pl.'s Br. Supp. Pl.'s Mot. Summ. J. 12.

In a related case, regarding similar facts, circumstances, and legal issues for tax periods in 1994 and 1995, the United States Tax Court found that Mr. Kovacevich was a statutory employee of WMI for those years, and further found that WMI's contention that its reported payments to Mr. Kovacevich were not wages to be meritless. *See WMI*, T.C.M. 2003–162, 2003 WL 21276359, at *5; *WMI*, 176 Fed.Appx. at 780 ("[T]he payments made to Kovacevich" by WMI "indisputably constituted 'wages' for the purposes of both the FICA and the FUTA."). In another related case involving a number of the same tax periods the Tax Court found that Mr. and Mrs. Kovacevich "failed to establish that the checks written for petitioners' benefit (e.g. checks written for petitioners' creditors) were not includable in their gross income and failed to adequately rebut [the government's] determination of unreported income." *Kovacevich*, T.C.M.2003–161, 2003 WL 21276467, at *3 (finding wages for 1992 and 1994 to be \$135,000 and \$132,000, respectively).

■ Here, the court similarly finds that WMI has produced no reliable evidence to rebut the government's determination that WMI's reported payments to Mr. Kovacevich were wages. As such, the court finds that WMI's payments to Mr. Kovacevich, as reported in WMI's tax returns for the years in question, were wages paid to Mr. Kovacevich.

**b. The IRS's method of dividing WMI's reported annual payments to Mr. Kovacevich into four proportional parts to establish his quarterly wages is proper.**

■ WMI's 1991 tax return reported its tax liability beginning April 1, 1991 and ending March 31, 1992. Def.'s Ex. 14, B130. WMI reported as a deduction "Compensation

---

paid with respect to any payment of wages or compensation, proper adjustments, with respect to both the tax and the amount to be deducted, shall be made without interest, in such manner and at such times as the Secretary may by regulations prescribe.
26 U.S.C. § 6205(a)(1). Treasury Regulations § 31.6205–1 provides an explanation of the limitations on this interest-free adjustment. First, no correction is eligible for interest-free adjustment treatment if the failure to report "relates to an issue that was raised in an examination of a prior return period or if the employer knowingly underreported its employment tax liability." Treas. Reg. § 31.6205–1(a)(2). Further, the taxpayer must file an adjusted return on the IRS's prescribed form indicating the error. *Id.* § 31.6205–1(a)(3). Here, WMI has continued to maintain that Mr. Kovacevich was an independent contractor and not an employee and has not provided evidence that an adjusted return was filed in accordance with the Treasury Regulations. Therefore, the court finds that WMI is not entitled to an interest-free adjustment under 26 U.S.C. § 6205.

of Officers" payments of $135,000 for 1991. Def.'s Ex. 14, B130, line 12. The IRS determined that these payments were wages paid to Mr. Kovacevich over the course of the year. In the absence of reliable books for WMI and Mr. Kovacevich accounting for quarterly wages paid to Mr. Kovacevich, the IRS determined the wages paid per quarter by dividing the total wages paid to Mr. Kovacevich for the year into four equal parts, resulting in $33,750 in wages per quarter for the period beginning April 1, 1991 and ending March 31, 1992.

Because of the continued absence of reliable books, the IRS followed the same method for determining the quarterly wages paid by WMI to Mr. Kovacevich for 1992 and 1993. WMI's 1992 tax return deducted $144,000 as "Contract Labor—Officer" payments, Def.'s Ex. 15, B 153, which the IRS determined were wages paid to Mr. Kovacevich over the course of the year. Dividing the wages paid to Mr. Kovacevich for the year into four equal parts resulted in $36,000 in wages per quarter for the period beginning April 1, 1992 and ending March 31, 1993. WMI's 1993 tax return deducted $132,000 as "Contract Labor—Officer" payments, Def.'s Ex. 16, B 164, which the IRS determined were wages paid to Mr. Kovacevich over the course of the year. Dividing the wages paid to Mr. Kovacevich for the year into four equal parts resulted in $33,000 in wages per quarter for the period beginning April 1, 1993 and ending March 31, 1994.

The IRS then determined Mr. Kovacevich's wages for 1992 and 1993 as follows:

| Quarter Ended | Quarterly Wages | Annual Wages |
|---|---|---|
| March 31, 1992 | $33,750 | |
| June 30, 1992 | $36,000 | |
| September 30, 1992 | $36,000 | |
| December 31, 1992 | $36,000 | Total for 1992: $141,750 |
| March 31, 1993 | $36,000 | |
| June 30, 1993 | $33,000 | |
| September 30, 1993 | $33,000 | |
| December 31, 1993 | $33,000 | Total for 1993: $135,000 |

WMI argues that this method of determining Mr. Kovacevich's wages is inappropriate because the amounts derived do not reconcile with amounts reflected in WMI's books regarding payments to Mr. Kovacevich. WMI seemingly relies upon I.R.C. § 446(a), the general rule for methods of accounting, which states, "[t]axable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books." I.R.C. § 446(a). However, presented with the same arguments in a related case involving a number of the same tax periods, the Tax Court found that Mr. Kovacevich failed to keep sufficient records regarding payments received from WMI. *See Kovacevich,* T.C.M.2003–161, 2003 WL 21276467, at *3. As a result, the Tax Court upheld the government's use of WMI's tax returns to determine the wages received by Mr. Kovacevich and upheld its method of dividing WMI's reported compensation to Mr. Kovacevich into proportionate amounts for each quarter as an appropriate indirect method of determining Mr. Kovacevich's quarterly wages. *Id.*

The court finds that the Tax Court's reasoning should be applied to this case as well, particularly because WMI has argued that Mr. Kovacevich's payment of self-employment taxes on reported income should be credited against WMI's liability. Moreover, having reviewed the Declaration of Robert E. Kovacevich and the attached checks and bank records, the court finds that WMI's books are not reliable for determining the total wages paid by WMI to Mr. Kovacevich for the tax periods in question, and thus the IRS is entitled to use an alternative method of computation. *See* I.R.C. § 446(b) ("If no method of accounting has been regularly used by the taxpayer, *or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income.*" (emphasis added)). Finally, the court finds that the government's use of WMI's tax returns from the years in question to determine the wages received by Mr. Kovacevich and division of WMI's deducted compensation to Mr. Kovacevich into proportionate amounts for each quarter constitute an appropriate indirect

method of determining Mr. Kovacevich's quarterly wages.

### c. WMI owes a failure to deposit penalty for each tax period pursuant to I.R.C. § 6656.

■ The government has determined that WMI owes a failure to deposit penalty based on the computation of employer's FICA for each tax period at issue pursuant to I.R.C. § 6656. *See* Def.'s Ex. 8, B109, 114; Def.'s Ex 21. I.R.C. § 6656 imposes a penalty equal to ten percent of the portion of an underpayment in tax that is required to be deposited if the failure to deposit is more than fifteen days beyond the prescribed deadline. *See* I.R.C. § 6656(a). WMI has not established reasonable cause for failing to make the required deposits of tax. Therefore, the court finds the government's determination with respect to the failure to deposit penalty appropriate for the tax periods in question in this case. *See Van Camp & Bennion v. United States,* 251 F.3d 862 (9th Cir.2001); *WMI,* T.C.M.2003–162, 2003 WL 21276359, at *5.

### d. WMI owes a negligence penalty for each tax period pursuant to I.R.C. § 6662.

■ The government has determined that WMI owes a negligence penalty based on the computation of employment taxes for each tax period at issue pursuant to I.R.C. § 6662. *See* Def.'s Ex. 8, B 109, 114; Def.'s Ex 21. The negligence penalty applies to the extent that an understatement of the tax was attributable to the taxpayer's negligence. I.R.C. § 6662(b)(1). The taxpayer is required to pay twenty percent of the underpayment as a penalty with respect to any portion of the underpayment which is attributable to "[n]egligence or disregard of rules or regulations." I.R.C. § 6662(a), (b)(1); *see*

*also* Treas. Reg. § 1.6662–3(a). "For purposes of this section, the term 'negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term 'disregard' includes any careless, reckless, or intentional disregard" of the tax laws. I.R.C. § 6662(c).[14] A taxpayer is not negligent where there is a reasonable basis for the position taken. Treas. Reg. § 1.6662–3(b)(1). "Reasonable basis is a relatively high standard of tax reporting, that is, significantly higher than not frivolous or not patently improper. The reasonable basis standard is not satisfied by a return position that is merely arguable or that is merely a colorable claim." *Id.* § 1.6662–3(b)(3).

In the related *Kovacevich* case, the Tax Court explained its reasoning for imposition of the negligence penalty as follows:

> Reliance on the advice of an accountant may demonstrate reasonable cause and good faith. Petitioners contend that they relied in good faith on the advice of [their accountant], but petitioners did not provide [their accountant] with accurate information (e.g., mischaracterizing payments made by Western to various creditors of petitioners as loans instead of wages). Under such circumstances, reliance on an accountant's advice is not in good faith and does not establish that the taxpayer acted with reasonable cause. *Moreover, petitioner is an experienced tax lawyer who manipulated income received from Western. Petitioner did not exercise due care in the filing of his return and thus is liable for the section 6662(a) penalty.*

*Kovacevich,* T.C.M.2003–161, 2003 WL 21276467, at *5 (internal citation omitted) (emphasis added). The same day, the Tax Court provided similar reasoning for imposing the negligence penalty on WMI. *See*

---

14. Negligence includes the "failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return." Treas. Reg. § 1.6662–3(b)(1). "Negligence is strongly indicated where ... [a] taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction, credit or exclusion on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances." *Id.* § 1.6662–3(b)(1)(ii). Disregard for the "rules or regulations is 'careless' if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation." *Id.* § 1.6662–3(b)(2). A taxpayer's "disregard is 'reckless' if the taxpayer makes little or no effort to determine whether a rule or regulation exists, under circumstances which demonstrate a substantial deviation from the standard of conduct that a reasonable person would observe." *Id.*

*WMI*, T.C.M.2003–162, 2003 WL 21276359, at *5 ("Petitioner's contention that amounts paid to Kovacevich were not wages is meritless. Petitioner did not exercise due care in the filing of its return and thus is liable for the section 6662(a) penalty." (internal citations omitted)). The court agrees with the reasoning of the Tax Court and finds the government's determination with respect to the negligence penalty appropriate for the tax periods in question in this case.

### e. The amounts calculated by the IRS are accurate.

■ In accordance with the IRS's determinations on wages and penalties described above, the government now seeks $94,446.99 in unpaid taxes, assessed interest, and penalties against WMI. The government has provided the court with WMI's current certificate of assessments and payments, Def.'s Ex. 3, detailed calculations of taxes and penalties owed, Def.'s Ex. 8,[15] and a summary of the amounts sought, reflecting the amount of the original counterclaim plus self-assessments and assessed interest and penalties, with payments and credits applied. Def.'s Ex. 21.

With respect to WMI's quarterly employment taxes (Form 941), the original counterclaim was for $79,009.31, an amount that included for each quarter at issue [16] the additional employment taxes owed, the failure to deposit penalty, and the accuracy penalty. The government has now added WMI's total self-assessments of $17,302.13 and assessed interest of $27,951.66 to reach a total liability of $124,263.10 for the quarters at issue. The government then applied WMI's payments and credits, totaling $31,288.34, to result in an outstanding liability of $92,974.76.

With respect to WMI's annual employment taxes (Form 940), the original counterclaim was for $1,128.40, an amount that included

for each year the additional employment taxes owed, the failure to deposit penalty, and the accuracy penalty. The government has now added WMI's total self-assessments of $377.68 and assessed interest of $347.34 to reach a total liability of $1,853.42 for the years at issue. The government then applied WMI's payments and credits, totaling $381.19, to result in an outstanding liability of $1,472.23. Together with the outstanding liability for WMI's quarterly employment taxes, the government therefore seeks a total of $94,446.99 in unpaid taxes, assessed interest, and penalties against WMI.

The court finds that WMI has produced no reliable evidence to rebut the government's determination that WMI owes $94,446.99 in unpaid taxes, assessed interest, and penalties. As such, the court finds that the amounts calculated by the government are accurate.

### III. CONCLUSION

For the reasons stated above, because Robert E. Kovacevich was an employee of WMI and because WMI failed to withhold all required employee income taxes, FICA and FUTA as required by law, the court **DENIES** the plaintiff's motion for summary judgment and **GRANTS** the defendant's motion for summary judgment. The clerk is directed to enter judgment dismissing the plaintiff's complaint and granting the defendant's counterclaim in the amount of $94,446.99, together with statutory interest.

### IT IS SO ORDERED.

---

**15.** WMI argues that it has been penalized for failure to withhold amounts above the social security and medicare "wages band" limits in accordance with the caps on withholdings provided by 42 U.S.C. § 430. Pl.'s Mot. Summ. J. 3, Pl.'s Br. Supp. Pl.'s Mot. Summ. J. 6 ("the social security amount cannot exceed the 'wages band' limit for social security tax of $55,000 in 1992 and $57,600 in 1993; for medicare tax the ceilings are $130,200 and $135,000."). WMI is right that it cannot be penalized for failure to withhold above those limits. However, the evi-

dence is clear that the IRS did apply those limits. *See* Def.'s Ex. 8. The FICA employee and employer contributions for 1992 and 1993 are taxed within their respective limits and only those amounts were included by the government in its counterclaim.

**16.** Because WMI paid the tax owed for the quarter ending March 31, 1992, that amount is not included as "unpaid" in the counterclaim.