# United States Court of Appeals
# for the Federal Circuit

_____

**D THREE ENTERPRISES, LLC,**
*Plaintiff-Appellant*

**v.**

**SUNMODO CORPORATION,**
*Defendant-Appellee*

-------------------------------------------------------------------------------

**D THREE ENTERPRISES, LLC,**
*Plaintiff-Appellant*

**v.**

**RILLITO RIVER SOLAR LLC, DBA ECOFASTEN SOLAR,**
*Defendant-Appellee*

_____

2017-1909, 2017-1910

_____

Appeals from the United States District Court for the District of Colorado in Nos. 1:15-cv-01148-CBS, 1:15-cv-01151-CBS, Magistrate Judge Craig B. Shaffer.

_____

Decided: May 21, 2018

_____

DAVE R. GUNTER, Friedman, Suder & Cooke, Fort Worth, TX, argued for plaintiff-appellant. Also represented by MICHAEL THOMAS COOKE, CORBY ROBERT VOWELL.

SCOTT E. DAVIS, Klarquist Sparkman, LLP, Portland, OR, argued for defendants-appellees. Also represented by SARAH ELISABETH JELSEMA, TODD M. SIEGEL.

———————————

Before REYNA, CLEVENGER, and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Appellant D Three Enterprises, LLC ("D Three") sued Appellees SunModo Corporation ("SunModo") and Rillito River Solar LLC, doing business as EcoFasten Solar ("EcoFasten"), (together, "Appellees") in the U.S. District Court for the District of Colorado ("District Court"), alleging infringement of various claims of U.S. Patent Nos. 8,689,517 ("the '517 patent"), 9,068,339 ("the '339 patent"), and 8,707,655 ("the '655 patent") (collectively, the "Patents-in-Suit"). Appellees filed, inter alia, a joint motion for summary judgment, arguing the various claims were invalid based on a determination that D Three could not claim priority from U.S. Patent Application No. 61/150,301 ("the 2009 Application"), and the District Court granted Appellees' Motion. *See D Three Enters., LLC v. Rillito River Solar LLC*, Nos. 15-cv-01148-CBS, 15-cv-01151-CBS, 2017 WL 1023389, at *1, *14 (D. Colo. Mar. 15, 2017); J.A. 31−34 (Final Judgments), 2212−48 (2009 Application).[1]

———————————

[1] The District Court invalidated claims 1−4, 6, 9−14, and 16 of the '517 patent; claims 1−9, 11, and 13 of the '655 patent; and claims 1−2 and 4−10 of the '339 patent ("the Asserted Claims"). *See D Three*, 2017 WL 1023389, at *2, *13. It deemed the validity of claim 3 of

D Three appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (2012). We affirm.

BACKGROUND

The Patents-in-Suit are directed to roof mount sealing assemblies, which allow users to mount objects on a roof and seal "the mounting location . . . against water." '517 patent, Abstract; '655 patent, Abstract; *see* '339 patent, Abstract. For example, the '517 patent claims, inter alia, "[a] roof standoff device for use in mounting an object to a roof" comprising "a base bracket," "a flashing,"[2] "a core body," and "a second threaded attachment element." '517 patent col. 10 ll. 27−29, 33, 43, 45 (claim 1). It is undisputed that: SunModo's allegedly infringing products were available to the public in 2010; EcoFasten's allegedly infringing product was available to the public in June 2009,[3] *see D Three*, 2017 WL 1023389, at *13 & n.16; and

---

the '339 patent moot in light of D Three no longer asserting infringement of the claim and omitting the claim from oral argument, *see id.* at *13, and that finding is not challenged on appeal, *see generally* Appellant's Br.; Appellees' Br.

[2] The flashing is a piece that "exist[s] to seal penetrations on roofs." '517 patent col. 1 ll. 20–21.

[3] D Three initially alleged four of EcoFasten's roof mounting products infringed the Patents-in-Suit, *see D Three*, 2017 WL 1023389, at *2 (listing allegations against EcoFasten's QuikFoot Roof Mount System, Eco-65 System, Tile Flashing System, and Eco-44R-NDD System), but attempted to withdraw its allegations based on all but the QuikFoot Roof Mount System during suit, *see id.* at *13; *see also* Reply Br. in Supp. of Mot. for Summ. J. 7, *D Three Enters., LLC v. Rillito River Solar LLC*, 1:15-cv-01148-CBS (D. Colo. Oct. 14, 2016), ECF No. 77 (arguing D Three's requested withdrawal of infringement allegations is not valid absent D Three "formally amend-

the U.S. Patent and Trademark Office issued the Patents-in-Suit in 2014 and 2015. To successfully assert the Patents-in-Suit against the allegedly infringing products, D Three was required to claim priority from the 2009 Application's effective filing date, February 5, 2009. *See id.* at *3, *13; J.A. 2212.

On summary judgment, the District Court determined that the Asserted Claims could not claim priority from the 2009 Application because they were broader than the invention disclosed in the 2009 Application, such that they did not meet the written description requirement pursuant to 35 U.S.C. § 112(a) (2012).[4] *See D Three*, 2017 WL 1023389, at *5, *9−10, *12. Specifically, the District Court divided the Asserted Claims into two categories—claims that recited a washer and claims that did not—and asked whether "the parent applications disclose roof mount assemblies that (a) do not have a soft washer but also do not limit the type of attachment bracket, and (b) have a soft washer but do not limit its location." *Id.* at *7. The District Court held that the 2009 Application's only disclosure of a washerless assembly "requir[ed a] W[-]pronged attachment bracket 1700," but the Asserted Claims disclosed broader configurations of washerless

_____

ing its pleadings"); J.A. 3791 (explaining, by the District Court, that it was not sure D Three's attempts to narrow infringement allegations were "adequate," "sufficient," or "definitive").

[4] Congress amended § 112 when it enacted the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, § 4(c), 125 Stat. 284, 296−97 (2011), and AIA § 4(e) made those changes applicable to "any patent application that is filed on or after" September 16, 2012, *see id.* at 297. Because the applications that led to the Patents-in-Suit were filed after September 16, 2012, the post-AIA version of § 112 applies.

assemblies. *Id.* at \*10; *see* J.A. 2225 (discussing the washerless assembly in the 2009 Application), 2246 (Figure 41). The District Court also held that the 2009 Application's assemblies with washers only disclosed washers situated "above the flashing," but the Asserted Claims covered assemblies with washers below the flashing. *D Three*, 2017 WL 1023389, at \*11, \*12. D Three did "not dispute that without the benefit of the 2009 [A]pplication's filing date . . . the [P]atents[-]in[-S]uit would be invalid due to intervening prior art," i.e., Sun-Modo's allegedly infringing products and EcoFasten's QuikFoot Roof Mount System. *Id.* at \*13. Accordingly, the District Court invalidated all but one of the Asserted Claims as anticipated based on D Three's stipulation, and found the remaining claim (claim 6 of the '655 patent) asserted against the purportedly-withdrawn EcoFasten's Tile Flashing System anticipated based on other prior art that post-dated the 2009 Application. *Id.*; J.A. 2772–811, 2813–44.[5]

## DISCUSSION

D Three argues the District Court erred in granting summary judgment because a genuine issue of material fact exists as to whether the 2009 Application adequately discloses the Asserted Claims of the Patents-in-Suit. *See* Appellant's Br. 21−34. Specifically, D Three avers that the 2009 Application adequately discloses (1) washerless assemblies with "various attachment brackets," *id.* at 27, such that there is a genuine issue as to whether a person having ordinary skill in the art ("PHOSITA") would understand the 2009 Application to have disclosed different types of washerless assemblies, and (2) assemblies

---

[5] D Three also asserted claim 6 of the '339 patent against only the Tile Flashing System, *see* J.A. 342−46, but this claim was not addressed separately below, *see generally D Three*, 2017 WL 1023389.

with washers below the flashing, *id.* at 32−34.[6] After articulating the applicable standards of review and legal standard, we address each issue in turn.

## I. Standards of Review

In reviewing the grant of motions for summary judgment, we apply the law of the regional circuit, *see AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1295 (Fed. Cir. 2014), here, the Tenth Circuit. The Tenth Circuit reviews a grant of summary judgment de novo. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Birch*, 812 F.3d at 1251. At summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

---

[6] D Three also contests the District Court's alternative finding that the 2009 Application did not disclose a base "having at least one mounting hole." Appellant's Br. 34; *see id.* at 34−36; *see also D Three*, 2017 WL 1023389, at *12 n.15 ("The 2009 [A]pplication also does not support the '517 and '339 patents . . . because the [2009 A]pplication discloses only mounting holes, plural."). Because we affirm the District Court based on lack of adequate written description for the washerless assemblies and position of the flashing on the assemblies with washers, *see infra* Sections II.B.2–C, we decline to reach this alternative finding, *cf. Watts v. XL Sys., Inc.*, 232 F.3d 877, 879 & n.1 (Fed. Cir. 2000) (declining to address alternative grounds of invalidity).

For issues unique to patent law, such as determination of priority date, we apply Federal Circuit law. *See AbbVie*, 759 F.3d at 1295; *see, e.g.*, *Go Med. Indus. Pty., Ltd. v. Inmed Corp.*, 471 F.3d 1264, 1270–72 (Fed. Cir. 2006) (applying Federal Circuit precedent to claim of priority date). "Compliance with the written description requirement [of 35 U.S.C. § 112(a)] is a question of fact but is amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party." *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed. Cir. 2008).

## II. The Patents-in-Suit Cannot Claim Priority from the 2009 Application

### A. Legal Standards

Pursuant to 35 U.S.C. § 120,[7]

> [a]n application for patent for an invention disclosed in the manner provided by [§] 112(a) . . . in an application previously filed in the United States . . . which names an inventor or joint inventor in the previously filed application shall have the same effect, as to such invention, as though filed on the date of the prior application.

Section 112(a) requires that

> [t]he specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable [a

---

[7]    Congress amended § 120 when it passed the AIA, which governs the Patents-in-Suit, but the language at issue here was not changed. *See* AIA §§ 3(f), 15(b), 125 Stat. at 288, 328 (specifying the respective effective dates of the amendments to § 120).

PHOSITA] to which it pertains . . . to make and use the same.

The written description "must clearly allow [a PHOSITA] to recognize that the inventor invented what is claimed," such that "the disclosure of the application relied upon reasonably conveys to [a PHOSITA] that the inventor had *possession* of the claimed subject matter as of the filing date." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc) (emphasis added) (internal quotation marks, brackets, and citations omitted). "[T]he hallmark of written description is disclosure." *Id.* "This inquiry . . . is a question of fact," which "var[ies] depending on the context" and "requires an objective inquiry into the four corners of the specification from the perspective of a [PHOSITA]." *Id.* (citations omitted). Demonstrating adequate written description "requires a precise definition" of the invention. *Id.* at 1350. Relevant here, to claim a genus, a patentee must disclose "a representative number of species falling within the scope of the genus or structural features common to the members of the genus so that [a PHOSITA] can visualize or recognize the members of the genus." *Id.* (internal quotation marks and citation omitted); *see Amgen Inc. v. Sanofi*, 872 F.3d 1367, 1373–74 (Fed. Cir. 2017) (applying *Ariad* to a claimed genus).

## B. The 2009 Application Lacks Adequate Written Description for the Washerless Assemblies in the Asserted Claims

All Asserted Claims except claim 8 of the '655 patent and claim 4 of the '339 patent recite washerless assemblies. *See* '517 patent col. 10 ll. 27−67 (claims 1−4), col. 11 ll. 8−15 (claim 6), col. 11 l. 29−col. 12 l. 25 (claims 9−14), col. 12 ll. 29−31 (claim 16); '655 patent col. 10 l. 28−col. 11 l. 12 (claims 1−7), col. 11 ll. 17−21 (claim 9), col. 12 ll. 11−13 (claim 11), col. 12 ll. 19−20 (claim 13); '339 patent col. 10 l. 47−col. 11 l. 14 (claims 1−2), col. 11

l. 27−col. 12 l. 3 (claims 5−10) (collectively, the "Washerless Claims"). Instead of washers, the Washerless Claims recite, for instance, the use of any "attachment bracket having a third attachment element disposed on an upper portion of said attachment bracket for attaching an object to said attachment bracket." '339 patent col. 11 ll. 8−10 (claim 1); *see, e.g.*, '517 patent col. 10 ll. 29−32 (claim 1); '655 patent col. 10 ll. 29−34 (claim 1).[8]

The District Court determined that the 2009 Application disclosed one washerless assembly, depicted in Figures 27−33 and 41. *D Three*, 2017 WL 1023389, at *8. The District Court then found that, "[i]n all of the applications" in the priority chain for the Patents-in-Suit, including the 2009 Application, "the washerless assembly consistently has one type of attachment bracket: no. 1700," which is defined as "having W-shaped prongs . . . and [a] face seat . . . that can hold a support post . . . in a conventional male/female interaction when needed." *Id.* at *9 (internal quotation marks and citation omitted). The District Court determined that a PHOSITA would not understand bracket 1700 to be an "optional feature." *Id.* at *10. The parties do not dispute that the Washerless Claims' recitation of attachment assemblies "are not limited to assemblies using attachment brackets with the W[-]shaped prongs." *Id.* at *9; *see* Appellant's Br.

---

8    For purposes of summary judgment, the District Court inferred in D Three's favor that the disclosure of a "third attachment *element*," rather than bracket, in the Washerless Claims of the '517 and '655 patents was equivalent to an attachment bracket, *D Three*, 2017 WL 1023389, at *9 n.8 (emphasis added), and so will we, *see Anderson*, 477 U.S. at 255 (assuming facts in favor of non-moving party at summary judgment); *In re Mouttet*, 686 F.3d 1322, 1330 (Fed. Cir. 2012) ("The scope and content of the prior art . . . are determinations of fact.").

7−8; Appellees' Br. 35. Therefore, the District Court held that because the Washerless Claims "are not limited to such a bracket[,] the [Washerless C]laims are not supported by the 2009 [A]pplication and are not entitled to the 2009 effective filing date." *D Three*, 2017 WL 1023389, at *10. For the reasons set forth below, we agree with the District Court.

### 1. The Attachment Bracket Disclosure Was Properly Decided on Summary Judgment

As an initial matter, D Three argues that the District Court erred because it acknowledged that Appellees "d[id] not specifically argue" that the 2009 Application lacked sufficient detail to disclose attachment brackets broadly, Appellant's Br. 23 (quoting *D Three*, 2017 WL 1023389, at *9 n.8 ("[Appellees] recognize that Figure 41 regards the bracket 1700 but do not specifically argue that the [Washerless C]laims are generic on attachment brackets and therefore not supported.")), and "[i]t is not appropriate to grant summary judgment based on facts the moving party did not rely on, at least without giving the losing party advance notice and an opportunity to be heard," *id.*; *see id.* (citing Fed. R. Civ. P. 56(f)). The grant of summary judgment was appropriate.

Federal Rule of Civil Procedure 56(f) states that, "[a]fter giving notice and a reasonable time to respond, the court may: . . . (2) grant the motion [for summary judgment] on grounds not raised by a party." The Tenth Circuit will not reverse for failure to comply with Rule 56(f) "absent evidence of prejudice. So long as the losing party was on notice that it had to come forward with all of its evidence, a sua sponte grant of summary judgment may be appropriate." *First Am. Kickapoo Operations, L.L.C. v. Multimedia Games, Inc.*, 412 F.3d 1166, 1170 (10th Cir. 2005) (internal quotation marks and citations omitted). In other words, "[a] party is procedurally prejudiced if it is surprised by the district court's action and

that surprise results in the party's failure to present evidence in support of its position." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1170 (10th Cir. 2010) (internal quotation marks and citation omitted). Moreover, the Tenth Circuit distinguishes cases like this, where a summary judgment motion was filed, from those where the district court sua sponte grants summary judgment, because "when one party has made a motion for summary judgment, the failure of the court to provide notice may not be as detrimental since the moving party is at least aware that the issue has been raised." *Id.* at 1170 n.8 (internal quotation marks and citation omitted).

Here, D Three "cannot demonstrate prejudice because [it] clearly knew" the scope of the 2009 Application's disclosure of washerless assemblies "would be an issue," and it "had a full opportunity to present evidence to support [its] position." *Id.* at 1171. Appellees' Motion for Summary Judgment provided D Three with notice that Appellees were arguing lack of benefit from an earlier filing date, particularly based on the theory that D Three claimed "different, broader inventions," J.A. 2181 (capitalization modified), including those with "[w]asherless assemblies," J.A. 2182; *see* J.A. 2187−88 (describing, in the Motion for Summary Judgment, case law rejecting validity of patents claiming broader inventions than disclosed), 2192−93 (disputing the 2009 Application's disclosure of washerless assemblies). Moreover, a "patentee bears the burden of establishing that its claimed invention is entitled to an earlier priority date than an asserted prior art reference." *In re Magnum Oil Tools Int'l, Ltd.*, 829 F.3d 1364, 1376 (Fed. Cir. 2016). Therefore, D Three was "on notice that [it] needed to present [its] entire argument and all [its] evidence regarding" why the Patents-in-Suit could claim the earlier filing date from receipt of the Motion for Summary Judgment, *Evers v. Regents of Univ. of Colo.*, 509 F.3d 1304, 1309 (10th Cir.

2007), and had ample opportunity to respond to the Motion for Summary Judgment in the normal course.

In fact, D Three did respond, arguing why it believed washerless assemblies were adequately disclosed. *See* J.A. 3353–57. In reply, Appellees further explained their argument and pointed directly to the disclosure of bracket 1700. *See* J.A. 3647–50 (reply to D Three's response to the Motion for Summary Judgment), 3778 (hearing on summary judgment). In addition, Appellees informed the District Court that D Three had not responded to cases showing that differences in the breadth of disclosure from an earlier patent application could not satisfy the written description requirement, *see* J.A. 3780, an argument to which D Three responded during the hearing on the Motion for Summary Judgment, *see* J.A. 3780 (stating, by D Three's counsel, in response to Appellees' cases on breadth of claims, that "I think we cited cases that we think align with the facts and we may disagree on what those are"). D Three had its opportunity to show why a genus of attachment brackets is described by a single attachment bracket shown in the 2009 Application, and failed to make that showing. Because D Three was on notice that it needed to submit evidence to show that the washerless assemblies disclosed in the Washerless Claims were adequately described in the 2009 Application and had opportunities to do so, *see Kannady*, 590 F.3d at 1170, we will not find a violation of Rule 56(f) here, *cf. Massey v. Del Labs., Inc.*, 118 F.3d 1568, 1573 (Fed. Cir. 1997) (interpreting Rule 56 in a patent case under Ninth Circuit law and finding error where the district court granted judgment on obviousness, but only anticipation had been asserted).

### 2. The District Court Properly Granted Summary Judgment for Appellees on the Washerless Claims

We now turn to the merits of the District Court's decision. "[D Three] does not dispute that except for claim 8

of the '655 patent and claim 4 of the '339 patent, the [A]sserted [C]laims do not recite a . . . washer." *D Three*, 2017 WL 1023389, at *7. *See generally* Appellant's Br. D Three argues that Figures 27−33 and 41 of the 2009 Application disclose a washerless assembly. *See* Appellant's Br. 21. Figure 41 shows a finished roof mount assembly embodiment from a side angle, J.A. 2246, and Figures 27−33 provide additional detail of the bracket used in Figure 41, J.A. 2240−41. Figure 41 does not show a washer, as Appellees admit, *see* Appellees' Br. 25 ("No view of the figures in the 2009 Application shows the configuration of the bottom of the bracket 1700 in the Figure 41 embodiment where a washer and recess would be."), and nothing in Figure 41's narrative description suggests Figure 41 must have a washer, *see* J.A. 2225 (describing Figure 41 as a "base" supporting a "bolt" that holds "bracket 1700" onto a "flashing"). Therefore, for purposes of summary judgment, we draw all reasonable inferences in the light most favorable to D Three, *Anderson*, 477 U.S. at 255, and find that the 2009 Application discloses one embodiment of a washerless assembly depicted in Figures 27−33 and 41 and their corresponding descriptions in the specification.

Having determined that the 2009 Application discloses a washerless assembly, we must determine whether a PHOSITA would recognize "upon reading the [2009 Application]" that any attachment brackets as claimed in the Washerless Claims could be used in washerless assemblies. *In re Owens*, 710 F.3d 1362, 1368 (Fed. Cir. 2013). We agree with the District Court that washerless assemblies using attachments other than attachment bracket 1700, which has "W[-]shaped prongs," J.A. 2223, are not adequately disclosed, because the 2009 Application in no way contemplates the use of other types of attachment brackets in a washerless assembly, *see* J.A. 2212−46 (failing to disclose in the 2009 Application any other washerless assemblies). The 2009 Application

never uses the term washerless, or describes any other types of attachment brackets that could be used in the claimed roof mount assemblies. *See* J.A. 2212–46. D Three's admission that "[t]here are no statements in the 2009 Application . . . that suggest the various attachment brackets *cannot* be used in a washerless system," Appellant's Br. 27 (emphasis added), further supports our finding. As we have stated, "[i]t is not sufficient for purposes of the written description requirement of § 112 that the disclosure, when combined with the knowledge in the art, would lead one to speculate as to the modifications that the inventor might have envisioned, but failed to disclose." *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997); *see Amgen*, 872 F.3d at 1374.

D Three points to language in the 2009 Application's specification as evidence that the 2009 Application disclosed alternative attachment brackets. *See* Appellant's Br. 28. Specifically, D Three identifies a statement that "[PHOSITAs] will recognize certain modifications, permutations, additions and sub-combinations therefore. It is therefore intended that the following appended claims hereinafter introduced are interpreted to include all such modifications, permutations, additions and sub-combinations are within their true sprit [sic] and scope." *Id.* (second alteration in original) (quoting J.A. 2225). This boilerplate language at the end of the 2009 Application's specification is not sufficient to show adequate disclosure of the actual combinations and attachments used in the Washerless Claims. *See Knowles Elecs. LLC v. Cirrus Logic, Inc.*, 883 F.3d 1358, 1367–68 (Fed. Cir. 2018) (finding lack of adequate written description where only general soldering was disclosed in a specification, but claims disclosed a specific means of soldering).

D Three also incorrectly claims that this case is "analogous" to our non-precedential decision in *Cordis Corp. v. Boston Scientific Corp.* Appellant's Br. 29 (citing 188 F. App'x 984 (Fed. Cir. 2006)); *see id.* at 29–31. In *Cordis*,

we found adequate written description where there was "no doubt" that prior art disclosed two inventive components, and the question was whether the disclosure provided adequate written description for asserted claims that were "directed to one of those inventive components and not to the other." 188 F. App'x at 990. Here, by contrast, the 2009 Application discloses one inventive component, and the Washerless Claims claim entirely different inventive components in the same field. *Compare* J.A. 2246 (Figure 41's washerless assembly using a W-shaped prong), *with* '339 patent col. 11 ll. 8−9 (reciting in claim 1 a washerless assembly using an "attachment bracket having a third attachment element disposed on an upper portion of said attachment bracket"). *Cordis* is inapposite.

Testimony from D Three's expert does not convince us otherwise. D Three admits that its expert "did not specifically address *why* a washerless roof mount assembly that uses other attachment brackets than Figure 41 is disclosed." Appellant's Br. 32 (emphasis added); *see* J.A. 3570−74 (expert's declaration). "[C]onclusory expert assertions do not give rise to a genuine issue of material fact." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1290 (Fed. Cir. 2012). For these reasons, we agree with the District Court that all Washerless Claims lack sufficient written description, meaning they cannot claim priority from the 2009 Application. All Washerless Claims except claim 6 of the '339 patent and claim 6 of the '655 patent are therefore invalid by stipulation, *see D Three*, 2017 WL 1023389, at *13, and we affirm the District Court's holding that claim 6 of the '339 patent and claim 6 of the '655 patent are invalid because D Three does not separately challenge the District Court's determinations with respect to these claims, *see id.* (discussing evidence that certain post-2009 Application prior art

anticipated or made obvious all claims of the '655 and '339 patents). *See generally* Appellant's Br.[9]

## C. The 2009 Application Lacks Adequate Written Description for the Assemblies with Washers in the Asserted Claims

At issue is the District Court's determination that the 2009 Application disclosed a washer "only *above* the flashing," *D Three*, 2017 WL 1023389, at *11, such that it did not provide adequate written description for the inventions recited in claim 8 of the '655 patent and claim 4 of the '339 patent, *id.* at *12. Claim 8 of the '655 patent and claim 4 of the '339 patent recite an assembly with a washer. *See* '655 patent col. 11 ll. 12−16; '339 patent col. 11 ll. 21−26. In claim 8 of the '655 patent, the washer is placed "between" the bracket attached to the roof and a recess in the bottom surface of a sheet member and also "at least partially surrounds [an] aperture." '655 patent col. 11 ll. 13−15. Claim 4 of the '339 patent depends from

---

[9] The District Court found that the validity of claim 6 of the '655 patent "appear[ed] moot" but, to the extent it was still argued, was invalid. *See D Three*, 2017 WL 1023389, at *13. Because D Three does not argue the validity of the claim should be moot or make any mention of the specific claim, *see generally* Appellant's Br., we do not consider the claim moot and instead consider the District Court's determination of invalidity, *see Glaxo Grp. Ltd. v. TorPharm, Inc.*, 153 F.3d 1366, 1371 (Fed. Cir. 1998) (stating an appellate court may affirm a judgment "on any ground the law and the record will support"); *cf. Studiengesellschaft Kohle, M.B.H. v. Shell Oil Co.*, 112 F.3d 1561, 1565–66 (Fed. Cir. 1997) (considering the validity of a claim alleged to have been "implicitly dropped" because "[t]he record does not reveal, nor does the district court offer, any valid reason for declining to consider" it).

claim 2, which depends from claim 1, and recites the device of claim 2 with the addition of a "washer disposed around [an] aperture in [a] flashing, wherein said soft washer *surrounds* said aperture in said flashing and is compressed upon said first and second threaded attachment elements being threadably engaged." '339 patent col. 11 ll. 22−26 (emphasis added).

D Three does not contest the District Court's finding that "[c]laim 8 requires the washer be[] located below the flashing and [c]laim 4 recites a washer that can be either above or below the flashing," Appellant's Br. 32; *see D Three*, 2017 WL 1023389, at *11−12, or that the 2009 Application discloses a washer only above the flashing, *see* Appellant's Br. 33. Instead, D Three contends the 2009 Application provides adequate written description because it discloses "a washerless system . . . as well as a system in which a washer is shown above the flashing." *Id.* The disclosure of a washerless system does not support a finding of adequate written description because it does not show that the inventor "invented what is claimed," here, an assembly *with* a washer. *Ariad*, 598 F.3d at 1351 (internal quotation marks and citation omitted). D Three also states that "[n]owhere in the specification is there a disclaimer that would require the washer to be atop the flashing as opposed to below." Appellant's Br. 33. Again, adequate written description does not ask what is permissible, rather, it asks what is disclosed. *See Ariad*, 598 F.3d at 1351. The lack of any disclosure of an assembly with a washer below the flashing, or statement on the flexibility of the position of the washer, is fatal to D Three's argument. Therefore, we conclude that claim 8 of the '655 patent and claim 4 of the '339 patent lack sufficient written description in the 2009 Application, meaning they cannot claim priority from the 2009 Application and are therefore invalid. *See D Three*, 2017 WL 1023389, at *13.

CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive.[10]   Accordingly, the Final Judgments of the U.S. District Court for the District of Colorado are

**AFFIRMED**

---

[10]   Appellees alternatively argue we may find all claims asserted against the purportedly-abandoned EcoFasten products anticipated because D Three did not properly abandon its claims against those products, *see supra* n.3, meaning D Three's infringement accusations act as a "judicial admission" of invalidity, Appellees' Br. 2, 11; *see id.* at 59 (citing to cases holding that an "accusation that a product infringes satisfies [the] burden of proving that [a] product's . . . sales anticipate" if the product is considered prior art).  Like the District Court, we find "it is unnecessary to reach that issue." *D Three*, 2017 WL 1023389, at *13; *see Watts*, 232 F.3d at 879 (following the district court and declining to address an alternative argument when we could affirm based on issues considered below).